IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MANUEL MEICHOR VARGAS, ) | Civil Action No.: 4:09-cv-70110-RBH |
| ) | Criminal No.: 4:07-cr-01504-RBH-2 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the Court is Petitioner Manuel Meichor Vargas's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. The Court finds that Petitioner's Motion to Vacate is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely filed.[1]

**Procedural History and Factual Background**

On April 28, 2008, the Petitioner pled guilty to one count of conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine ("Count 1") in violation of 21 U.S.C. § 846, and one count of knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime ("Count 3") in violation of 18 U.S.C. § 924(c)(1)(A). On September 24, 2008, this Court sentenced the Petitioner to a term of imprisonment of 60 months as to Count 1 and 60 months as to Count

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

3, to run consecutively for a total aggregate sentence of 120 months. The Petitioner waived his right to appeal. [Docket # 121].

On August 24, 2009, the Petitioner filed a "Notice of Intent to File a § 2255, Request for the Production of Transcripts" ("Notice of Intent to File") [Docket # 136]. On September 4, 2009, the Court entered a Text Order [Docket # 137], directing the Clerk to send the Petitioner the Court's forms and instructions for filing a § 2255 Petition; however, the Petitioner's request for free transcripts was denied without prejudice as premature.[2] The Docket Sheet reflects that the Clerk mailed a copy of the Text Order and a § 2255 form to the Petitioner on September 4, 2009. [Docket # 138]. Per the Petitioner's request, the Clerk mailed another § 2255 form and an *In Forma Pauperis* Application to the Petitioner on September 22, 2009. Despite the Court's Text Order, the Petitioner filed a Motion to Compel counsel to provide copies of transcripts [Docket # 140] on September 30, 2009, which was subsequently denied by the Court as premature because the Petitioner had still not yet filed his § 2255 petition.

On October 28, 2009, the Petitioner filed the Motion to Vacate [Docket # 146] at issue in this matter. The Petitioner asserted several grounds for relief in his Motion to Vacate, including ineffective assistance of counsel and involuntary guilty plea. The Respondent filed a Motion to Dismiss the § 2255 Petition as Untimely [Docket # 157] on November 24, 2009, which the Court considered a motion for summary judgment. The Court issued an Order filed November 30, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if

---

[2] The Court instructed the Petitioner that he must first file his § 2255 Petition indicating the issues that he is raising. Then, he may file a motion for free transcripts pursuant to 28 U.S.C. § 753(f) for consideration by the Court. *See id.*

he failed to respond adequately. Subsequently, the Petitioner failed to file a response in opposition to the Respondent's motion. This matter is ripe for review.

## Standard of Review

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (West 2009). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." LAURIE L. LEVENSON, FEDERAL CRIMINAL RULES HANDBOOK 655 (West 2009); *see* 28 U.S.C. § 2255(b).

## Discussion

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>   Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires. *Evans v. United States,* No. 4:09-70049-TLW, 2010 WL 1052824, at *2 (D.S.C. Mar. 19, 2010); *see Clay v. United States,* 537 U.S. 522 (2003); *see also United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001) (explaining that the petitioner's conviction became final on the date on which he declined to pursue direct appellate review); *accord Akins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (noting that a judgment of conviction becomes final in most cases when the time for filing a direct appeal expires). However, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000). Nevertheless, "rarely will circumstances warrant equitable tolling." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003); *cf. United States v. Metzger,* 3 F.3d 756, 757 (4th Cir. 1993) ("[T]he Supreme Court has held that the government's interest in the

4

finality of its criminal judgments warrants a stringent cause-and-prejudice standard of review for § 2255 movants who waive their right of direct appeal.") (internal quotation marks and citation omitted). In order to be entitled to equitable tolling, the petitioner bears the burden of presenting evidence which shows that (1) he was prevented from timely filing his petition by extraordinary circumstances beyond his control or external to his own conduct, and (2) it would be unconscionable, or a gross injustice would occur, if the limitation were enforced. *See, e.g., United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

*Untimeliness*

As this Court stated above, the Petitioner's convictions and sentence were imposed by a Judgment filed on September 24, 2008. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had ten days from that date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(I) (2006).[3] However, the Petitioner waived his right to appeal. Because the Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year limitations period on October 4, 2008. *See Sanders,* 247 F.3d at 142; *Clay,* 537 U.S. at 531. The Petitioner then had one-year, specifically until October 4, 2009, in which to file his § 2255 Petition. *See* 28 U.S.C. § 2255(f)(1). The Petitioner's Motion to Vacate

---

[3] The rule now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within *14* days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(I) (West 2010) (emphasis added).

5

at issue here was not filed until October 23, 2009.[4] As such, the Motion to Vacate is untimely on its face and, absent equitable tolling, must be dismissed.

Significantly, the Petitioner acknowledges that his Motion to Vacate is untimely. In the Petition, the Petitioner lists "Timeliness of this § 2255" as his fourth ground for relief. *Petition,* p.6. He then states: "If this is an issue with this Court, then Petitioner will file a Brief in regard to Ineffective Assistance in regard to filing an *out-of-time* § 2255 for purposes of retaining my Appeal. *Id.* (emphasis added). It appears as though the Petitioner argues that he filed a "Notice of Intent to File a § 2255" date-stamped as being received by the Clerk on August 25, 2009, and that this "'Notice' acts as the Start Date for the filing of 28 [U.S.C.] §2255." *Id.* However, there is no provision in § 2255 for the filing of a "notice of intent to file." *See Holman v. Gilmore,* 126 F.3d 876, 879-80 (7th Cir. 1997); *Gosier v. Welborn,* 175 F.3d 504, 506 (7th Cir. 1999) (holding that only documents attacking the conviction on the merits count as collateral attacks). A "notice of intent to file" is not a collateral attack and does not seek an adjudication on the merits; thus, such notice will not suffice for AEDPA purposes. *See Woodford v. Garceau,* 538 U.S. 202, 207 (2003).

The Petitioner's "Notice of Intent to File" at issue in this matter is not a proper § 2255 motion. First, in his notice, the Petitioner asks for copies of transcripts and "requests the forms

---

[4] Generally, a *pro se* habeas motion is deemed filed by the prisoner when it is delivered to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988). The instant Petition was not date-stamped by the prison mail room. Moreover, the Petitioner did not date the Petition when he signed it. However, the envelope containing the Petition was date-stamped by the United States Postal Service as being mailed on October 23, 2009, and was subsequently received by the Clerk on October 28, 2009. The Court deems the Motion to Vacate filed on October 23, 2009, for purposes of its analysis. Regardless, the Petitioner has never argued or alleged that this Motion to Vacate was timely filed by October 4, 2009. Instead, he relies on the "Notice of Intent to File" document and the date that it was submitted.

6

for filing the 28 U.S.C. § 2255 and a form for filing *in forma pauperis.*" *Notice of Intent to File,* at 1. Clearly, the Petitioner did not intend for this notice to serve as his § 2255 motion since he requested the form to file a § 2255 motion therein. Moreover, if the Petitioner wishes to invoke this Court's jurisdiction under § 2255, he must do so unequivocally and in accordance with the rules governing such actions. *Cf. Castro v. United States,* 540 U.S. 375, 383 (2003) (requiring district courts, prior to construing the motion as one under § 2255, to advise a petitioner of the consequences of filing a § 2255 motion and provide him with an opportunity to withdraw or amend a *pro se* motion that the petitioner has labeled differently; if the district court fails to provide the warning, "the motion cannot be considered to have become a § 2255 motion."). Any motion under § 2255 must conform to the requirements imposed by the rules governing such motions, and be sworn to under penalty of perjury. *See* Rules Governing Section 2255 Proceedings, Rule 2(b).[5] In the instant matter, the Petitioner's "Notice of Intent to File" fails to conform to said requirements. Notably, the Petitioner's notice fails to specify any available grounds for relief, state any facts supporting such grounds, request habeas relief, or ask for an adjudication on the merits.

Further, the Court is without authority to enlarge the time for filing a motion under § 2255 in this matter, and the Petitioner's "Notice of Intent to File" does not equitably toll the one-year period of limitation within which he was required to file his Motion to Vacate. The Respondent filed a Motion to Dismiss the § 2255 Petition as Untimely on November 24, 2009, which the Court considered a motion for summary judgment. The Court issued an Order filed

---

[5] "The motion must: (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing Section 2255 Proceedings, Rule 2(b).

November 30, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Despite being given the opportunity to respond to the Respondent's motion for summary judgment, the Petitioner made no responsive argument regarding equitable tolling of the time to file his § 2255 motion and has failed to demonstrate extraordinary circumstances beyond his control or external to his own conduct. Significantly, approximately one month after the Court instructed the Petitioner that he must first file his § 2255 motion before filing a motion for free transcripts, the Petitioner filed a motion to compel counsel to provide copies of transcripts. In that motion to compel, the Petitioner acknowledges that "I only have a small window to review the records and place my claim forward. I need these documents immediately." *Motion to Compel,* at 1. The Petitioner only had four (4) days remaining within which to file a timely § 2255 motion at the time he filed his motion to compel.[6] Despite recognizing this "small window," the Petitioner chose to file the motion to compel instead of a timely § 2255 motion. Accordingly, the Court finds that the Petitioner has not demonstrated grounds for equitable tolling and, thus, his motion is dismissed as untimely.

## *Certificate of Appealability*

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473,

---

[6] According to the Petitioner's attached certificate of service, the motion to compel was signed and mailed to the Clerk on September 30, 2009. As discussed above, the Petitioner had until October 4, 2009, in which to file his § 2255 Petition.

8

484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## **Conclusion**

Based on the foregoing, it is **ORDERED** that the Petitioner's Motion to Vacate [Docket # 146] is **DISMISSED** as untimely filed, and the Respondent's motion for summary judgment [Docket # 157] is **GRANTED. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
April 22, 2010